■GastoN, J.
 

 The question presented for our consideration is, whether the instrument, which is referred to in the ■pleadings as the deed of John T.
 
 Clanton and Fanny
 
 his wile, has been so authenticated, as to render it valid to transfer her estate in the lands therein mentioned; The instrument purports to have been executed by both husband and wife, and has been registered upon the fiat of a Judge of the Superior Courts, on the following probate and acknowledgment. “ State of North Carolina, Halifax county. Fanny Clanton, the wife of Dr. John Clanton, was examined separate and apart from her husband and privily by me, one of the Judges of the Superior Courts of Law and Equity in and for the State aforesaid, whenhhe acknowledged that she executed the within deed freely and voluntarily, and not by the force or persuasion, of her husband or any other person.
 
 *389
 
 Henry Wilkes the subscribing witness came before me and made oath, that John T. Clanton and Fanny Clanton exe cuted the within deed for the purposes therein contained.— Let it be registered.” The provisions of law on which the decision of this question depends are as follows: “All conveyances in writing and sealed by husband and wife for any lands, and by them personally acknowledged before one of the Judges of the Supreme or Superior Courts, or in the Court of the County where the land lieth, the wife being first privily examined before such judge, -or some member of the County Court appointed by the said court for that purpose, whether she doth voluntarily assent thereto, and registered according to the laws of this State, shall be as valid in law to convey all the estate and title, which such wife may or shall have in any lands, tenements or hereditaments so conveyed, whether in fee simple, right of dhwer or other es-state, as if done by fine and recovery, or any other ways and means whatsoever. Provided nevertheless, that where any such conveyance-as aforesaid shall be acknowledged by the husband, or proved by the oath of one or more witnesses, before a Judge as aforesaid or County Court where the land lieth, and it shall be represented to the Judge, or County Court aforesaid, that the wife is a resident of any other county, or so aged or infirm that she cannot travel to the said Judge or County Court to make such acknowledgment as aforesaid, it shall and may be lawful for the said Judge or County Court by his or their order to direct the Clerk of the County Court, where such land lieth, to issue a commission to two or more commissioners for receiving the acknowledgment of any deed of such feme covert for passing her estate in any lands, tenements or hereditaments, and such deed, acknowledged before them, after they have examined her privily and apart from her husband touching her consent, and certified by the County Court, to which the commission shall be returnable, shall by order of the County Court be registered with the commission and returns, and shall be as effectual as if personally acknowledged before the Judge or County Court by such feme covert.” Act of 1751. Rev. St. c. 37, s. 9,10.
 

 
 *390
 
 The objection mainly relied upon to the validity of the flat for the registration of this instrument, as the deed of the feme, is, that the execution of the deed was proved before the Juc^oe> who t0°k l’er privy examination, when the law requires that it should have been acknowledged before him by the parties. The question occurs now for the first time, as far as we are apprised, for judicial decision. Whatever remarks may be found, that seem to bear upon it, in the opinion of the court delivered in the case of
 
 Burgess and others
 
 v
 
 Wilson,
 
 2nd Dev. 306, it is manifest that the question was not there determined. In that case it appeared by the records of the court, that on Monday, November 2nd, 1812, an order was passed, that Caleb Perkins be appointed to take the private examination of Sarah Burgess, a
 
 feme covert,
 
 touching the execution of a deed
 
 of
 
 bargain and sale to Dempsey Sawyer; and that on the succeeding day, November the 3rd, the deed was exhibited in court and proved by the oath of Caleb Perkins the subscribing witness, and further the said Caleb Perkins then reported to the court, that in pursuance of the order of the preceding day he had taken the private examination touching her free consent to the execution of said deed, and that she declared that it was done with her free consent. The acknowledgment of the feme was normadle in the court, upon a privy examination by one of its members within the verge of the court, but out ef court before a single magistrate acting without commission. And the execution of the instrument was not proved, until after the order under which the magistrate professed to act. It would be too much to assume that when there were these conclusive and manifest objections to the validity of this authentication of the instrument, as the deed of Mrs. Burgess; the Court definitively passed on that now raised, which was the subject of incidental observation only. Besides, in the opinion delivered in that case, the opinion of the late Chief Justice Taylor, as expressed in the case of Whitehurst v
 
 Hunter,
 
 2 Hay, 461, is mentioned with approbation ; and in that there is an intimation at least, that a probate of the deed before the court would authorise the receiving of the
 
 *391
 
 wife’s acknowledgment. There it appeared, that the deed had been acknowledged by the
 
 feme
 
 in court, and that she was there privily examined, but it did not appear that the husband had joined in the acknowledgment or that the execution thereof was proved, and the Chief Justice held that the objection that the deed was no.t acknowledged by the husband
 
 nor proved to be Ms
 
 deed, was fatal. And it was certainly supposed by this court to be at'least an open question, when the late case of
 
 Sutton
 
 v
 
 Sutton,
 
 1 Dev. & Bat. 582, was decided. It was there remarked, that,in certain defined cases “ an examination before the commissioners, regularly taken, certified and.returned, has then the efficacy of an examination before the judge or in open court. These cases are where the deed shall have been acknowledged by the husband or proved by the oath of one or more witnesses.”
 

 It may be conceded that this objection is well founded, if our attention be directed exclusively to that part of the legislative enactment herein before recited, which precedes the proviso. Looking no farther, the prescribed ceremonies are an acknowledgment of the deed by the husband and wife before the judge or in open court of the county, and a privy examination of the wife by the judge or some member of the court. And we hold it to be perfectly settled, that no ceremonies other than those, which the legislature has prescribed, can be substituted under an imaginative or even assured conviction, that they would equally well answer the purpose of protecting the married' woman against compulsion and imposition. But the court is satisfied', that, when the rest of the enactment is taken into consideration-, it is manifest that a probate of the deed by a subscribing witness before the examining judge or court, is declared equivalent to the acknowledgment mentioned in the preceding part. The language is explicit, that upon
 
 such probate,
 
 the judge or court shall order a commission to issue, and a privy examination taken under such commission certified and returned “shall be as effectual as if personally acknowledged before the judge or the court by such
 
 feme
 
 covert.” It would be doing violence to the unambiguous words of this provi
 
 *392
 
 sion to hold, that a privy examination of the woman before the commissioners — which is but a substitute for that before the judge or the court — and which the legislature declares shall have same efficacy with that for which it is permitted to be substituted — shall be valid to pass her lands, and yet the preferred mode be invalid. We say the preferred mode, because it is apparent from the very nature of the provisions, as has been declared by the court in
 
 Burgess v Wilson
 
 and
 
 Sutton
 
 v Button, already cited, and
 
 Fenner
 
 v
 
 Jasper,
 
 1 Dev. & Bat. 34, that the legislature reposed higher confidence in the judge and the court than in the commissioners, and therefore permits the powers granted universally to the former to be delegated to the latter, only when a special emergency requires it. No question can be entertained but that it. is competent for the legislature to explain or modify in a proviso language used in a previous enactment, and' whenever a court can clearly ascertain the sense of the legislature it must be. governed thereby, although it should be shewn that fli’e' legislative will might have been expressed in a more approved form. The duty of the court is to execute the'will and not to criticise the language of the legislature.
 

 It has also been- objected that it appears from the certificate of the judge that the-acknowledgment of the
 
 feme
 
 was taken before the execution of the deed was proved. This objection we hold to be not founded in fact. The certificate states a single transaction. All therein mentioned occurred at the same time. And therefore it is immaterial what part of it is first mentioned in the certificate.
 

 Upon the question submitted, the court is of opinion that the deed has been duly proved and registered . to pass the real estate of Mrs. Clanton.
 

 The case is deemed to be a proper one for asking the advice of the court, and it is declared that the expenses of the enquiry should be defrayed out of the funds in the hands of the trustee.
 

 Per Curiam. Decreed accordingly.